**Ivan BONNER, Petitioner–Appellee,**

**v.**

**Robert E. ERCOLE, Superintendent, Respondent–Appellant.**

**No. 08–4841–pr.**

United States Court of Appeals, Second Circuit.

July 21, 2009.

Marjorie M. Smith, Piermont, N.Y., for Petitioner–Appellee.

Paul B. Lyons, Assistant Attorney General, Barbara D. Underwood, Solicitor General, Roseann B. MacKechnie, Deputy

Solicitor General for Criminal Matters, for Andrew M. Cuomo, Attorney General of the State of New York, New York, N.Y., for Respondent–Appellant.

PRESENT: GUIDO CALABRESI, PETER W. HALL, Circuit Judges, and WILLIAM K. SESSIONS, III, District Judge.*

## SUMMARY ORDER

Respondent–Appellant Robert E. Ercole, superintendent of the Green Haven Correctional Facility ("the State"), appeals from an August 25, 2008, order of the United States District Court for the Northern District of New York (Singleton, *J.*), granting Petitioner–Appellee Ivan Bonner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The District Court found that Bonner's guilty plea was not knowing, intelligent, and voluntary. *Bonner v. Ercole,* No. 9:07–cv00399–JKS, 2008 WL 4031983, 2008 U.S. Dist. Lexis 67622 (N.D.N.Y. Aug. 25, 2008). On appeal, the State challenges the District Court's grant of the writ. We assume the parties' familiarity with the facts of the case, its procedural history, and the scope of the issues on appeal.

We may only grant a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court if the state adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C.

§ 2254(d). Because the Supreme Court has not considered the issue of whether a trial court's failure to inform a defendant of a mandatory term of supervised release makes the subsequent plea involuntary—and, indeed, has expressly reserved the very similar question of whether a trial court must inform a defendant of a mandatory parole requirement, *Lane v. Williams,* 455 U.S. 624, 625, 102 S.Ct. 1322, 71 L.Ed.2d 508 (1982)—we conclude that the state court has not "unreasonably applied clearly established Federal law." *See Carey v. Musladin,* 549 U.S. 70, 77, 127 S.Ct. 649, 166 L.Ed.2d 482 (2006) (internal modifications omitted); *see also Rodriguez v. Miller,* 537 F.3d 102, 109 (2d Cir.2008).

Accordingly, the judgment of the District Court is VACATED and REMANDED for consideration of Bonner's remaining habeas claim.